In re CLEMENT, State Com'r.

(Supreme Court, Special Term, Kings County. May 6, 1910.)

INTOXICATING LIQUORS (§ 108*)—REVOCATION OF LIQUOR TAX CERTIFICATE—LACHES.

　　Though Liquor Tax Law (Laws 1896, c. 112) § 28, subd. 2, does not fix the time within which a petition to revoke a liquor tax certificate must be presented, an application made March 22, 1910, to revoke a certificate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for an illegal sale by an employé on November 7, 1909, is barred by laches, the whereabouts of the employé being unknown.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 108.*]

Petition by Maynard N. Clement, as State Commissioner, etc., for the revocation of a liquor tax certificate issued to Thomas F. Gallagher. Denied.

Herbert H. Kellogg, for petitioner.
Robert M. Johnston, for respondent.

CRANE, J.. While subdivision 2 of section 28 of the liquor tax law (Laws 1896, c. 112) does not provide any time within which a petition for the revocation of a liquor tax certificate must be presented, yet there must be a limitation to the right. Proceedings to revoke liquor tax certificates and for the cancellation thereof and for injunction partake of the nature of an equity proceeding, and laches or want of diligence will be a bar thereto.

Where it is claimed that the law has been violated by the sale of liquor on Sunday, applications to revoke the license upon this ground should be made with every reasonable diligence, and the unexplained lapse of months before seeking a court order in most cases should be fatal. These proceedings differ from criminal cases, in that the holder of the certificate may lose it for the unauthorized sale by his servant or person in charge of the premises. It is right that the person trafficking in liquor, from whom the state takes a large license fee, should have reasonable notice of a claim that he or his servant has violated the law. If, for instance, application should be made to the court to cancel a liquor tax certificate on the ground that nine months before a bartender served liquor on Sunday, the justice of denying the application because of the delay in making it would be quite apparent.

In this case the last violation is proved to have been on November 7, 1909, and application for revocation made March 22, 1910. The excise department should move with more diligence where no explanation is. offered for the delay. The defendant testified he never authorized Sunday sales, and that his bartender and waiter have left his employ, and cannot be found.

In this instance the application is denied.